IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ANTOINE DREW and TYRIS L. DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:21-CV-00058-CRE |
| | ) | |
| vs. | ) | |
| | ) | Chief United States Magistrate Judge |
| WESTMORELAND COUNTY, SEAN | ) | Cynthia Reed Eddy |
| KERTES, CHAIRMAN; DOUGLASS W. | ) | |
| CHEW, VICE-CHAIRMAN; GINA | ) | |
| CERILLI, SECRETARY;  UNKNOWN | ) | |
| WARDEN, GEORGE LOWTHER, | ) | |
| DEPUTY WARDEN SEC.; AND ERIC | ) | |
| SCHWARTZ, DEPUTY WARDEN OF | ) | |
| TREATMENT; | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM ORDER**

Plaintiffs, Antoine Drew and Tyris L. Davis, proceeding pro se, filed a Complaint in the above-titled action on January 12, 2021, raising civil rights violations at Westmoreland County Prison.  Also on January 12, 2021, Plaintiffs filed the instant Motion for Class Certification, seeking to maintain this lawsuit as a class action on behalf of themselves and all practicing Muslims incarcerated/detained in Westmoreland County Prison ("WCP") and on behalf of all COVID-19 victims in WCP.  (ECF No. 13).

Rule 23 of the Federal Rules of Civil Procedure requires that in order for a plaintiff to obtain class certification, four elements must be satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed.R.Civ.P. 23(a).

Plaintiffs fail to satisfy at least one of these elements. It is well established that a prisoner proceeding pro se, is unable to satisfy the fourth element of a class action suit. *See Awala v. New Jersey Dept. of Corrections*, 227 F. App'x 33, 134 (3d Cir. 2007) (affirming the District Court where the "District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a pro se prisoner without formal training in the law . . . Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action").

As explained above, Plaintiffs, prisoners proceeding *pro se*, cannot meet the fourth element to obtain class certification. Accordingly, this Motion will be denied.

**AND NOW**, this 11th day of February, 2021, it is hereby **ORDERED** that the Motion for Class Certification is **DENIED**.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: **ANTOINE DREW**
354-2020
Westmoreland County Prison
3000 S. Grande Blvd.
Greensburg, PA 15601
(via U.S. First Class Mail)

**TYRIS L. DAVIS**
2737-2020
Westmoreland County Prison
3000 S. Grande Blvd.
Greensburg, PA 15601
(via U.S. First Class Mail)