IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANTOINE DREW a/k/a<br>AKH WORLD and TYRIS L. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>WESTMORELAND COUNTY, et al.,<br><br>Defendants. | Civil Action No. 2: 21-cv-0058<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM OPINION**

This civil action was initiated pro se in this Court on January 12, 2021, by Plaintiffs Antoine Drew a/k/a AKH World and Tyris L. Davis, who were then incarcerated at Westmoreland County Prison. For the reasons that follow, Defendants' oral motion to dismiss will be granted and this case will be dismissed with prejudice based upon Plaintiffs' failure to prosecute this action.

**Procedural Background**

On January 19, 2021, Plaintiffs' motions for leave to proceed *in forma pauperis* were granted (ECF No. 8) and the Complaint was filed the following day. (ECF No. 9). On February 22, 2021, Plaintiff Tyris L. Davis notified the Court that he had been released from custody and provided a new address of record (ECF No. 21) and on May 19, 2021, Plaintiff Antoine Drew notified the Court that he had been released from custody and provided a new address of record (ECF No. 58).

On June 30, 2021, Defendants thereafter filed an Answer. (ECF No. 59). The following day, the Court entered its Case Management Order and scheduled a initial case management video conference for August 17, 2021. (ECF No. 60). Plaintiff Tyris L. Davis and counsel for Defendants participated; Antoine Drew, despite receiving notice of the conference, did not appear. The Court

1

entered an Amended Case Management Order on August 17, 2021, and scheduled a mid-discovery video status conference for November 10, 2021. (ECF No. 64). Despite both Plaintiffs receiving notice of the conference, neither Plaintiff appeared at the November 10, 2021, conference. Only counsel for Defendants appeared. During the conference counsel indicated that he had received no discovery requests from Plaintiffs. In light of that, the Court closed discovery as of November 10, 2021. Counsel made an oral motion to dismiss the case for failure to prosecute. The Court indicated that a show cause order would be entered to allow both Plaintiffs the opportunity to respond and would hold in abeyance the motion to dismiss pending Plaintiffs' response to the show cause order. (ECF No. 67).

On November 12, 2021, the Court issued an Order to Show Cause (ECF No. 68). Plaintiffs were advised that failure to respond to the Order to Show Cause by November 29, 2021, would result in the granting of the motion to dismiss for failure to prosecute and the case being dismissed with prejudice. A copy of that Order was mailed to Plaintiffs at their listed addresses of record and the Court has no reason to believe that Plaintiffs did not receive the Order. To date, neither Plaintiff has complied with this Order nor has either Plaintiff contacted the Court.

## Discussion

If the plaintiff fails to prosecute a case or to comply with court rules or orders, pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss the action. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).

A district court has the power to dismiss a case, whether the plaintiff is proceeding *pro se* or otherwise, pursuant to Fed.R.Civ.P. 41(b), for failure to comply with an order of the court. The Court of Appeals for the Sixth Circuit has commented that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to comply with a court order is not the same as "inartful pleading or [a] lack of legal training." *Id*. at 110.

Additionally, our court of appeals has established a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)   extent of the party's personal responsibility;

(2)   prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)   a history of dilatoriness;

(4)   whether the conduct of the party or the attorney was willful or in bad faith;

(5)   effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)   meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). In weighing the *Poulis* factors, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir 2019). Our appellate court has emphasized that "dismissals with prejudice or defaults are drastic sanctions. Although a court must balance the six factors, it need not find that all factors are met before dismissing an action with prejudice. *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912 (3d Cir. 1992) (applying some or all

of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (finding it is not necessary that all of the factors point toward a default before that sanction will be upheld).  A review and assessment of the *Poulis* factors weighs heavily in favor of granting Defendants' motion to dismiss and dismissing this action based on Plaintiffs' failure to prosecute:

    1.    <u>The Extent of the Party's Personal Responsibility</u>

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund,* 29 F.3d 863, 873 (3d Cir. 1994).  In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (*citing Poulis*, 747 F.2d at 868).  Any doubt as to personal responsibility should be resolved " ' in favor of reaching a decision on the merits'." *Id*. at 138 (quoting *Emerson v. Thiel Coll*., 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiffs are proceeding *pro se,* so the responsibility for failing to appear at the scheduled Court conferences and failing to respond to the Show Cause Order are theirs alone.  This factor weighs heavily in favor of dismissal.

    2.    <u>Prejudice to the Adversary</u>

Prejudice to the adversary is a substantial factor in the *Poulis* analysis, but like any other factor, it is not dispositive.  *Hildebrand*, 923 F.3d at 134.  Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).  Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm.  *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003*)*.  "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy

4

is sufficiently prejudicial." *Id.* In this case, Plaintiffs' failure to litigate this case and comply with Court rules and Court orders frustrates and delays a resolution of this action, and so, such failure to litigate can be seen to prejudice the Defendants, who seek a timely resolution of this case. This factor weighs in favor of dismissal.

    3.    <u>A History of Dilatoriness</u>

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams,* 29 F.3d at 984. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial . . . it is quite sufficient if [he/she] does nothing . . . ." *Id.* at 875 (citation omitted).

Here, Plaintiff Drew failed to appear for Court conferences on August 17, 2021, and November 10, 2021; Plaintiff Davis failed to appear for the Court conference scheduled on November 10, 2021; and neither Plaintiff responded to the Order to Show Cause why this case should not be dismissed. This is sufficient evidence, in the Court's view, to indicate that Plaintiffs no longer desire to proceed with this action and have abandoned this action. Thus, this factor weighs in favor of dismissal.

    4.    <u>Whether the Party's Conduct Was Willful or In Bad Faith</u>

In determining if Plaintiffs' conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand,* 923 F.3d at 135 (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a]

5

lengthy delay reflects 'inexcusable negligent behavior,' *id*. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.  Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

There is no indication on this record that Plaintiffs' failure to respond to the Court's order was the result of any excusable neglect. Plaintiff Drew has not communicated with this Court in any fashion since May of 2021, when he filed a notice of change of address. Plaintiffs were specifically informed that failure to respond to the Order to Show Cause would result in Defendants' motion to dismiss being granted and this case being dismissed. Neither Plaintiff responded. Plaintiffs' silence and failure to litigate this action lead to an inference that Plaintiffs have willfully abandoned this case. Therefore, this factor weighs in favor of dismissal.

5. Effectiveness of Alternative Sanctions

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*. (citing *Briscoe*, 538 F.3d at 262).  The Court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id*. In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely amelioriative." *Id*.

There are no alternative sanctions which would adequately punish Plaintiffs for their failure to adhere to this Court's orders; imposing a monetary sanction on Plaintiffs, who are proceeding *in forma pauperis*, would not be effective as they appears to be impecunious.  Moreover, Plaintiffs'

6

failure to prosecute this action even in the face of an Order to Show Cause leads to an inference that further orders to Plaintiffs would not be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

      6.      <u>Meritoriousness of the Claim or Defense</u>

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.' " *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *Id*. at 869-70. At this stage of the litigation, it is not possible for the Court to determine whether Plaintiffs' claims have merit. But, consideration of this factor cannot save Plaintiffs' case, since Plaintiffs are now wholly noncompliant with their obligations as litigants.

In summary, at least five of the six *Poulis* factors weigh heavily in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties if Plaintiffs fail to appear at Court conferences and fail to comply with orders issued by this Court. Accordingly, Defendants' motion to dismiss will be granted and this action will be dismissed with prejudice for Plaintiffs' failure to prosecute.

**Conclusion**

Based on the discussion above, Defendants' oral motion to dismiss will be granted and this this action will be dismissed with prejudice for failure to prosecute. An appropriate Order will follow.

Dated: December 7, 2021

                                      <u>s/ Cynthia Reed Eddy</u>
                                      Cynthia Reed Eddy
                                      Chief United States Magistrate Judge

cc: **ANTOINE DREW**
2217 Harrison Avenue
Latrobe, PA 15650
(via U.S. First Class Mail)

**TYRIS L. DAVIS**
1917 Kenneth Avenue
Arnold, PA 15068
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)